Benjamin V. OLIVARES, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 93–3487.

United States Court of Appeals,
Federal Circuit.

Feb. 23, 1994.

Benjamin V. Olivares, of the Philippines, submitted Pro Se.

Melissa Pollack, Attorney, Merit Systems Protection Board, of Washington, D.C., submitted for respondent. With her on the brief were Mary L. Jennings, Deputy General Counsel and David C. Kane, Assistant General Counsel. Also representing respondent were Murray M. Meeker, OPM, Office of the General Counsel, Washington, D.C., David C. Case, Bryant G. Snee and David M. Cohen, Attorneys, Department of Justice, of Washington, D.C.

Before ARCHER, MAYER, and PLAGER, Circuit Judges.

ARCHER, Circuit Judge.

Benjamin V. Olivares appeals from a decision of the Merit Systems Protection Board (MSPB or board), No. SE–0831–91–0497–I–1 (June 28, 1993), 58 M.S.P.R. 113, dismissing as untimely his petition for review filed with the board. We affirm.

## I.

By reconsideration decision dated July 3, 1991, the Office of Personnel Management (OPM) denied Olivares an annuity under the Civil Service Retirement System (CSRS). On July 18, 1991, Olivares appealed the OPM's decision to the MSPB. In an initial decision dated November 7, 1991, an administrative judge of the MSPB affirmed the OPM's reconsideration decision. The initial decision notified Olivares that it would "become final on *December 11, 1991,* unless a petition for review [was] filed by that date or the Board reopen[ed] the case on its own motion." The initial decision also notified Olivares that any appeal from the MSPB's final decision to this court, in order to be

timely, must be received by this court "no later than 30 calendar days after the date th[e] initial decision becomes final."

On February 10, 1993, about fourteen months after the initial decision became final, Olivares filed a petition for review with the MSPB in which he challenged the merits of the initial decision. In response to an order by the MSPB to show good cause why the petition should not be dismissed for untimeliness, Olivares claimed that on November 25, 1991, he had, through his representative, mistakenly forwarded a letter for reconsideration of the MSPB's initial decision to the Office of Personnel Management's "Reconsideration Staff."

In a decision dated June 28, 1993, the MSPB found that Olivares failed to demonstrate good cause for his delay in filing the petition for review, refused to grant Olivares an extension of time for filing the petition, and dismissed the petition for review as untimely filed. The MSPB ordered that the initial decision would remain the final decision of the board. Olivares timely appealed the MSPB's dismissal decision to this court.

## II.

Olivares initially argues on appeal that he was entitled to an annuity under the CSRS and that the MSPB erred in affirming the decision of the OPM denying him the annuity. In response the MSPB contends that this court has no jurisdiction to review the initial decision of the administrative judge on the merits, and that the only issue in this appeal is whether the board properly dismissed the petition for review as untimely filed. Thus, the threshold issue we must address is the scope of our review in this appeal.

In order for a decision of the MSPB to be timely appealed to this court, the appeal "must be filed within 30 days after the date the petitioner received notice of the final ... decision of the Board." 5 U.S.C. § 7703(b)(1) (1988). Under MSPB regulation, an initial decision of an administrative judge becomes the final decision of the board 35 days after issuance of the initial decision, 5 C.F.R. § 1201.113 (1993), unless (1) a party

files a petition for review with the board within the 35 days, *id.* § 1201.113(a); (2) the board reopens the case on its own motion, *id.;* or (3) the board *grants* a motion for an extension of time to file for good cause shown, *id.* § 1201.113(d).[1]

After the initial decision of an administrative judge becomes the final decision of the board, the board may still permit a petition for review to be filed. *Id.* § 1201.114(f). In such case, the board requires the petition to be accompanied by a motion for an extension of time for filing which shows good cause for the untimeliness. *Id.* The motion must contain a sworn statement or affidavit including the reasons the petitioner failed to request a filing extension before the 35–day deadline and a "specific and detailed description of the circumstances causing the late filing, accompanied by supporting documentation or other evidence." *Id.*[2]

▮ The untimely submission of a petition for review and motion for an extension of time to the MSPB does *not* prevent the initial decision of the administrative judge from remaining the final decision of the board. *See* 5 U.S.C. § 7701(e)(1) (1988). Thus, the untimely submission of a petition for review and motion for an extension of time to the MSPB does not stop the running of the 30–day statutory time limit in which to file an appeal to this court.[3] *See also* P. Broida, A Guide to Merit Systems Protection Board Law & Practice 662 (10th ed. 1993) (hereinafter "Broida").

▮ In this case, the initial decision of the administrative judge affirming the reconsideration decision of the OPM denying Olivares an annuity became the final decision of the MSPB on December 11, 1991, when Olivares failed to file a petition for review with the board and the board had not reopened the case on its own motion. Olivares first filed his appeal to this court well after 30 days after this final decision of the board. Therefore, Olivares did not timely appeal to this court the final decision of the board that affirmed the decision of the OPM denying Olivares an annuity. Accordingly, we may not review that decision and it remains the final decision of the board.

Olivares did, however, timely appeal the MSPB's decision refusing to grant his motion for an extension of time and dismissing his untimely petition for review. The only issue presented on appeal, therefore, is whether the MSPB improperly dismissed the untimely petition for review.

## III.

▮ The board will waive the 35–day time limit for filing a petition for review and allow an untimely filing only for good cause shown. 5 C.F.R. §§ 1201.12, 1201.114(f) (1993). According to the board, in order to show good cause for an untimely filing, "a party must show that he exercised diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force,* 4 MSPB 262, 4 M.S.P.R. 180, 184 (1980)." Op. at 114. The board's practice regarding untimely filed petitions for review has been characterized as strict. *See* Broida, *supra,* 664–81, and cases cited therein. The MSPB has broad discretion to control its own docket and we will not substitute our judgment for that of the board in this regard. *Phillips v. United States Postal Service,* 695 F.2d 1389, 1390 (Fed.Cir. 1982). This court will affirm the board's decision to dismiss an untimely filed petition for review unless the decision is shown to have been "arbitrary, an abuse of discretion, or otherwise not in accordance with law." *Id.;* 5 U.S.C. § 7703(c) (1988); *see also Ba-*

---

1. The cited MSPB regulation differs from the relevant statute. Under 5 C.F.R. § 1201.113, the initial decision becomes final 35 days after its issuance. Under 5 U.S.C. § 7701(e)(1)(A) (1988), the initial decision becomes final 30 days after its receipt. The difference between the regulation and statute does not affect the outcome in this case, and therefore we apply the regulation for convenience.

2. MSPB regulation also provides that the board may in its discretion accept an untimely filed petition for review without a motion for an extension of time. *See* 5 C.F.R. § 1201.114(f).

3. But if the motion for an extension of time is granted and the petition for review is accepted for filing, a new 30-day period for appeal to this court begins to run after a new final decision is made by the board. *See* 5 C.F.R. § 1201.113(b), (c).

*cashihua v. MSPB,* 811 F.2d 1498, 1500 (Fed.Cir.1987); *Ceja v. United States,* 710 F.2d 812, 814 (Fed.Cir.1983).

The board found that Olivares did not show good cause for delaying fourteen months to file his petition for review with the board. The MSPB found that Olivares presented no evidence to support his assertion that he mailed a letter for reconsideration of the MSPB's initial decision to the OPM's "Reconsideration Staff." In addition, the MSPB relied on the fact that Olivares's sworn statement of good cause in support of his untimely filed petition, signed under penalty of perjury, did not mention the mailing. *Cf. Jackson v. Department of Health and Human Servs.,* 51 M.S.P.R. 502 (1991) (unsworn statement is not a sufficient showing of good cause). The board further found that even if Olivares mailed the letter to the OPM, Olivares failed to explain why he waited fourteen months to petition for review after the initial decision became final and why he did not make any inquiry during that time. Under the circumstances, the board concluded that Olivares failed to exercise due diligence.

Olivares reiterates in his appeal the statements about his mailing to the OPM which the MSPB found deficient to establish good cause. On the facts of this case, we cannot say that the board's decision to dismiss Olivares's petition for review as untimely filed was arbitrary or an abuse of discretion, or that it was otherwise erroneous under the law. Accordingly the decision is

*AFFIRMED.*