47 F.3d 1183
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carlos W. RAMOS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3558.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1995.
 
 Before ARCHER, Chief Judge, PLAGER, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Carlos W. Ramos appeals an order of the Merit Systems Protection Board ("MSPB" or "board"), Docket No. SF-0432-93-0027-R-1 (June 15, 1994), dismissing as untimely his petition for review filed with the board. We affirm.
 
 DISCUSSION
 
 2
 Mr. Ramos was removed from his position as Operations Flight Support Specialist for unacceptable performance. In an Initial Decision dated February 10, 1993, an Administrative Judge of the board upheld the removal. The Initial Decision indicated that it would become final on March 17, 1993. On March 17, 1993, Mr. Ramos' representative, Donald Manning, mailed a Petition for Review ("petition") to the MSPB; the MSPB returned it with a cover Notice dated March 26, 1993, indicating that the petition was deficient because it lacked the signature of either Mr. Ramos or Mr. Manning, as required under 5 C.F.R. Sec. 1201.114(a) (1994), and had not been served on the agency, as required under 5 C.F.R. Sec. 1201.114(h) (1994). The Notice instructed Ramos to
 
 
 3
 send the Board a copy of your petition containing your signature or the signature of your representative. You must also send a copy to the other parties and return the petition for review with a copy of the certificate of service stating how and when you sent copies to the other parties attached within 15 days of the date of this Notice.... If your petition is not timely refiled and you do not show good cause for your delay, or if you do not refile your petition for review, the initial decision is the final decision of the Board.
 
 
 4
 The record indicates that copies of the petition were sent to the agency and to the Office of Personnel Management (OPM) on April 5, 1993. The record contains no mail receipts to indicate that Mr. Ramos refiled a proper petition and certificate of service with the MSPB by the date indicated in the board's March 26 Notice. Some months later, Mr. Manning apparently called the MSPB, to find out the status of the appeal, and was told that the case had been dismissed for failure to file a correct petition with the board as instructed in the March 26 Notice.
 
 
 5
 On November 8, 1993, Mr. Manning mailed a corrected petition to the MSPB, along with a cover letter stating that he had "complied with [the] directions [in the March 26 Notice] immediately" and "returned the necessary documents by Registered Mail, also sent the Agency a copy."
 
 
 6
 The MSPB acknowledged receipt of the November 8 petition and cover letter, in a letter to Mr. Manning dated November 24, 1993. The November 24 letter stated that (1) the November 8 petition was untimely per the deadline in the Board's March 26 Notice; and (2) because the November 8 petition was filed late, Mr. Manning had to submit an affidavit showing good cause for the delay, within 15 days. Mr. Manning sent the MSPB a letter dated December 2, 1993, stating alternatively that he had (1) sent the MSPB the corrected petition on April 10, 1993; and (2) mailed the petition to the MSPB on April 15, 1993. The letter indicates that it enclosed three registered mail return receipts, which are not attached to the letter in the record. It appears that the referenced receipts are the receipts for Mr. Manning's original March 17, 1993 mailing to the MSPB and the April 5, 1993 mailings to the agency and OPM.
 
 
 7
 On April 1, 1994, the MSPB dismissed Mr. Ramos' petition as untimely filed. The Board found that Mr. Manning's December 2 letter was insufficient to demonstrate good cause for waiving the filing deadline, because it contained several inconsistencies regarding Mr. Manning's asserted timely mailing of the corrected petition to the board, and did not include corroborating mail receipts or other supporting evidence. The board further found that the nearly 7-month delay in checking on the status of the petition or refiling another petition did not constitute due diligence warranting a waiver of the filing deadline.
 
 
 8
 On April 14, 1994, the board, without explanation, vacated its April 1 decision and indicated that Mr. Ramos' petition was still pending. On June 15, 1994, the board issued a second Order dismissing Mr. Ramos' appeal for untimeliness, based on the same reasoning as the prior order and differing in only minor, stylistic respects.
 
 
 9
 Mr. Ramos appealed the dismissal to this court. Mr. Ramos argues on appeal that he erroneously mailed the corrected petition on April 5, 1993 to OPM instead of the board, and that this error does not warrant dismissal of his petition.
 
 
 10
 We must affirm the board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). In affirming the board's discretionary dismissal of an untimely petition for review, this court has stated that "[t]he MSPB has broad discretion to control its own docket and we will not substitute our judgment for that of the board in this regard." Olivares v. Merit Systems Protection Board, 17 F.3d 386, 388 (Fed.Cir.1994); see also Mendoza v. Merit Systems Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc).
 
 
 11
 This case presents no basis for deviation from this principle. With respect to Mr. Ramos' assertion that he simply mailed the timely petition to the wrong entity, the record indicates that Mr. Manning was fully aware of the board's correct address, having sent the original defective petition to the board. The board's March 26, 1993 notice acknowledging receipt of that petition, and its certificate of service of that notice, confirm that OPM is a separate entity from the board and establish no basis for any belief that future submissions to the board should be made to OPM.
 
 
 12
 In these circumstances, and in view of the inconsistencies noted by the board in Mr. Manning's December 2, 1993 letter, and the length of the delay in ascertaining the fate of the petition, we find that the board did not abuse its discretion in dismissing Mr. Ramos' petition for review. Cf. Sanford v. Department of Defense, 61 M.S.P.R. 207 (1994) (board waived filing deadline of original appeal where proper filing was made 12 days after deadline and agency had not shown prejudice). We have reviewed Mr. Ramos' allegations concerning improper denial of discovery by the Administrative Judge during the original proceedings, but without any evidence to support those allegations or to indicate that this matter was adequately raised in the petition for review, we are not persuaded to alter our conclusion that dismissal was within the board's discretion. Accordingly, the board's decision is
 
 
 13
 AFFIRMED.