NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY L. FRENCH,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3151

---

Petition for review of the Merit Systems Protection Board in case no. CH0353110232-I-1.

---

Decided: December 11, 2012

---

ANTHONY L. FRENCH, of Columbus, Ohio, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

---

Before NEWMAN, PROST, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Anthony L. French seeks review of a decision of the Merit Systems Protection Board ("Board") dismissing his petition for review as untimely. We *affirm*.

BACKGROUND

Mr. French was hired by the United States Postal Service in 1968. In June 2002, he suffered an injury on duty and accepted modified duties that he could perform given his physical limitations. Most recently, in January 2010, he accepted an Offer of Modified Job Assignment to repair mail in the Rewrap Section. Pursuant to a National Reassessment Process, the Postal Service notified him that, as of October 2010, there was no longer available work for him in his local commuting area given his medical restrictions. After the notice, Mr. French made, and the Office of Workers' Compensation Programs accepted, a reoccurrence claim for his lost wages and medical bills. Mr. French then appealed the Postal Service's actions to the Board, alleging that the Postal Service acted arbitrarily and capriciously in denying him restoration to work following his partial recovery from a compensable injury.

The administrative judge assigned to Mr. French's appeal found that the Board lacked jurisdiction because he had failed to make a non-frivolous allegation that the Postal Service's denial of restoration was arbitrary and capricious. The administrative judge concluded that: an employee is not entitled to a limited-duty assignment regardless of whether the duties are operationally necessary; restorations to modified job assignments are dependent on whether adequate work capable of being performed by a partially-recovered employee exists in the employee's area; and Mr. French failed to allege or provide any evidence that the Postal Service's determination

that no suitable work existed in Mr. French's local commuting area was inadequate or erroneous. As stated in the notice to Mr. French accompanying it, the administrative judge's initial decision was to become final on May 13, 2011.

Mr. French petitioned the Board for review of the initial decision on May 14, 2011, one day after the initial decision became final. In a June 2011 motion to the Board, Mr. French asserted that there was good cause for the one-day delay because of his medical problems, his lack of pay from the Postal Service after October 2010, the selection of an employee as manager of a particular distribution operations position within the Postal Service, an apparent relationship between his petition and an Equal Employment Opportunity Commission matter, and the holiday schedule for the year 2007. The Board, however, found none of those proffered reasons established good cause. Noting that the regulatory timeliness requirement for petitions for review will not be waived, even by a single day, if a petitioner provides no reasonable explanation for the delay in filing a petition, the Board dismissed Mr. French's petition for review because it was untimely.

Mr. French now petitions us for review of the Board's decision.

### DISCUSSION

A petition to the Board for review of an initial decision "must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision." 5 C.F.R.

§ 1201.114(d).[1]  Mr. French filed his petition thirty-six days after the administrative judge issued the initial decision in his case and does not appear to dispute that his petition to the Board was untimely.

Our scope of review is limited in an appeal from a decision of the Board dismissing a petition for review for being untimely.  Because the Board has "broad discretion to control its own docket," we must "affirm the board's decision to dismiss an untimely filed petition for review unless the decision is shown to have been arbitrary, an abuse of discretion, or otherwise not in accordance with law." *Olivares v. Merit Sys. Prot. Bd.*, 17 F.3d 386, 388 (Fed. Cir. 1994) (quotation marks omitted); *see* 5 U.S.C. § 7703(c).  When a petition for review is filed late, the petitioner bears the burden to show that there was good cause for the delay and that he exercised due diligence in attempting to meet the filing deadline. *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003). "The factors bearing on whether there is good cause for an untimely filing include the length of the delay, whether the appellant was notified of the time limit, the existence of circumstances beyond the appellant's control that affected his ability to comply with the deadline, the appellant's negligence, if any, and any unavoidable casualty or misfortune that may have prevented timely filing." *Id.* Determining whether these factors justify waiving the time period for filing a petition for review is committed to the Board's discretion, and "this court will not substitute its judgment for that of the Board." *Id.*; *see Olivares*, 17 F.3d at 388; *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).  Thus, a petitioner bears a "heavy burden of establishing that the Board

---

[1]  5 C.F.R. § 1201.114 was amended effective November 13, 2012.  Citations in this opinion are to the regulation in effect at the time of the Board's decision.

abused its discretion in finding that he failed to show good cause for the delay in filing his petition for review." *Zamot*, 332 F.3d at 1377.

On appeal to this court, Mr. French provides no reasonable argument why the Board may have abused its discretion by dismissing his untimely petition.[2] We are thus left to review only the records of decision here, from which we find no basis for concluding that the Board abused its discretion. Mr. French had ample opportunity to show good cause for the delay in the filing of his petition for review and presented his arguments to the Board by motion in June 2011. Mr. French's primary contention was that his medical conditions and surgery in June 2011 caused his delay in filing. The Board discounted that evidence, however, because "[m]any of the medical documents [Mr. French] submit[ted] in support of his motion relate[d] to the period before the initial decision was issued or after the deadline for filing the petition for review." *French v. U.S. Postal Serv.*, CH0353110232-I-1, slip op. at 3 (M.S.P.B. Apr. 20, 2012) We find no error, therefore, in the Board's conclusion that "those documents do not directly address the appellant's ability to timely file his petition for review or request an extension of time." *Id.* Likewise we find no error in the Board's judgment that the other rationales Mr. French asserted to justify the delay failed to establish good cause.

---

[2] We find no merit in his apparent argument that the Board abused its discretion because of a "practice of collusion/conspiracy" evidenced by "prima facia [sic] cases of discrimination" and a "White Hegemonic Culture" that helps "whites more than people of color, especially African-American males." Pet'r's Br. Question 2. We also find no merit in the arguments Mr. French put forth in his supplemental briefing.

Although dismissal of his petition for review for being filed one day late may appear to be an austere adherence to regulations, we cannot say, on the facts of this case, that the Board's dismissal of Mr. French's petition for review as untimely was arbitrary, an abuse of discretion, or otherwise erroneous under the law.

COSTS

Each party shall bear its own costs.

**AFFIRMED**