NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MELISSA L. BURNETT,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3176

---

Petition for review of the Merit Systems Protection Board in No. CH1221110614-W-1.

---

Decided: March 12, 2013

---

MELISSA L. BURNETT, of Madison, Illinois, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before NEWMAN, PLAGER, and PROST, *Circuit Judges.*

PER CURIAM.

Melissa L. Burnett seeks review of a decision of the Merit Systems Protection Board ("Board") dismissing her petition for review as untimely. We affirm.

BACKGROUND

Between June 13, 2006 and March 7, 2008, Ms. Burnett worked as a Program Assistant at the Department of Housing & Urban Development ("HUD") in St. Louis, Missouri. On December 21, 2010, she filed a complaint with the Office of Special Counsel ("OSC"), alleging that certain agency personnel (a) obstructed her advancement and curtailed her employment benefits at HUD by refusing to correct an erroneous appointment, and (b) retaliated against her by canceling her employment applications, giving her the "runaround treatment" with respect to open positions, and refusing to process her claims for advancement after she blew the whistle on HUD's violations described in (a). On March 23, 2011, the OSC sent Ms. Burnett a letter informing her of her right to seek corrective action with the Board under 5 U.S.C. §§ 1214(a)(3) (Whistleblower Protection Act) and 1221 (individual right of action). The letter advised Ms. Burnett that her request for corrective action must be filed with the Board "within 65 days after the date of th[e] letter"—or by May 27, 2011.

Ms. Burnett filed her individual right of action appeal with the Board on June 14, 2011—eighteen days late. On June 28, 2011, the agency filed a motion to dismiss for untimeliness of the appeal. On July 28, 2011, Ms. Burnett filed a response to the motion to dismiss, stating that the delay in filing her appeal with the Board was caused by a family medical emergency and inclement weather that caused damage to her house. Along with the declaration, Ms. Burnett submitted documentation supporting

her claims. In addition, Ms. Burnett asked the Board to grant her leniency in meeting the filing deadline in accordance with the policy notice issued by the Board, dated February 16, 2010. That policy allowed the Board to accept late-filed submissions that include a statement that the delay was due to inclement weather.

On September 7, 2011, the administrative judge issued an Order to Show Cause why Ms. Burnett's appeal should not be dismissed for untimeliness. That order enumerated a number of ways Ms. Burnett could make such a showing, including demonstrating that she did not receive OSC's notification letter until five days after its date of issuance or that the agency engaged in some affirmative conduct that affected the timeliness of her appeal. On September 19, 2011, Ms. Burnett responded with a declaration stating that her untimely appeal was the result of a medical condition (bilateral tendonitis), which was aggravated by the repetitive typing necessitated by her work as a seasonal tax preparer during "tax season." The administrative judge issued an Initial Decision dismissing Ms. Burnett's appeal as untimely on October 5, 2011, having found that she failed to show that she received the March 23, 2011 OSC notification letter more than five days after its issuance or that the agency engaged in conduct that affected the timeliness of her appeal. After acknowledging the various reasons Ms. Burnett stated for not being able to meet the filing deadline, the administrative judge noted that she lacked jurisdiction over the appeal because the Whistleblower Protection Act ("WPA") accorded her "no authority to waive the statutory time limit for filing an IRA appeal for good cause shown under 5 C.F.R. § 1201.22(c)."

On October 12, 2011, Ms. Burnett petitioned the Board for review of the October 5, 2011 Initial Decision. The agency filed a response on November 4, 2011. The Board issued its Final Order on June 11, 2012, adopting the Initial Decision and affirming the dismissal of the

appeal as untimely. The Board found that Ms. Burnett did not make the necessary showing to justify reversing the Initial Decision, and noted that it had "no authority to waive the statutory time limit for filing an IRA appeal for good cause." Ms. Burnett now appeals the Board's order dismissing her petition for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The WPA provides that when the OSC notifies an appellant that its investigation of the appellant's claims has been terminated, the appellant may file an individual right of action ("IRA") appeal with the Board if "no more than 60 days have elapsed since notification was provided" to the appellant. 5 U.S.C. § 1214(a)(3)(A)(ii). The Board's regulations implementing this subsection provide that an appeal must be filed

> [n]o later than 65 days after the date of issuance of the Special Counsel's written notification to the appellant that it was terminating its investigation of the appellant's allegations or, if the appellant shows that the Special Counsel's notification was received more than 5 days after the date of issuance, within 60 days after the date the appellant received the Special Counsel's notification[.]

5 C.F.R. § 1209.5(a)(1).

Our scope of review is limited in an appeal from a decision of the Board dismissing a petition for review for being untimely. Because the Board has "broad discretion to control its own docket," we must "affirm the board's decision to dismiss an untimely filed petition for review unless the decision is shown to have been arbitrary, an abuse of discretion, or otherwise not in accordance with law." *Olivares v. Merit Sys. Prot. Bd.*, 17 F.3d 386, 388 (Fed. Cir. 1994) (quotation marks omitted); *see* 5 U.S.C. § 7703(c). It is undisputed in this case that Ms. Burnett's

petition was not filed within sixty-five days after the issuance of OSC's termination notice on March 23, 2011. It was therefore untimely under 5 U.S.C. § 1214(a)(3). Thus, the only question before this court on appeal is whether the Board correctly dismissed the appeal based on its lack of authority to waive this time limit.

The Board correctly found that the time limit for filing an IRA appeal cannot be waived for good cause. *Wood v. Dep't of the Air Force*, 54 M.S.P.R. 587, 592 (1992) (stating that because the WPA set a statutory time limit without providing for extensions of time, an "IRA appeal cannot be waived for good cause shown under 5 C.F.R. § 1201.22(c)"). The WPA did not specify any circumstances in which the time limit will be waived, and therefore, such a waiver provision may not be read into the statute. *See Speker v. Office of Pers. Mgmt.*, 45 M.S.P.R. 380, 385 (M.S.P.B. 1990), *aff'd*, 928 F.2d 410 (Fed. Cir. 1991); *Wood*, 54 M.S.P.R. at 591–93. Accordingly, Ms. Burnett's numerous submissions purporting to show "good cause" do not help her in attaining a waiver of the statutory time limit.

The Board also adopted the administrative judge's findings that Ms. Burnett failed to show that (a) she received the March 23, 2011 OSC notification more than five days after its issuance, (b) the agency engaged in affirmative conduct that affected the timeliness of her appeal, or (c) she failed to receive any notice from the OSC—any of which showings would have sufficed as reason for further consideration of whether her appeal should not be dismissed. We agree. The record is devoid of any factual allegation by Ms. Burnett that she is entitled to leniency on the timeliness issue based on these grounds.

We find no error in the Board's rationale for dismissing Ms. Burnett's petition for untimeliness. We also cannot say that, on the facts of this case, the Board's

dismissal of Ms. Burnett's petition for review as untimely was arbitrary, an abuse of discretion, or otherwise erroneous under the law.

## AFFIRMED

### COSTS

Each party shall bear its own costs.