NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARK ALEXANDER,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2014-3215

---

Petition for review of the Merit Systems Protection Board in No. CH-1221-14-0111-W-1.

---

Decided: April 20, 2015

---

MARK ALEXANDER, Mayfield Heights, OH, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before O'MALLEY and WALLACH, *Circuit Judges,* and
GILSTRAP, *District Judge.*[*]

PER CURIAM.

Petitioner Mark Alexander appeals the August 4, 2014, decision of the Merit Systems Protection Board ("Board") dismissing his petition for review of his Individual Right Action ("IRA") as untimely filed. *See Alexander v. Dep't of Commerce*, CH-12210-14-0111-W-1 (M.S.P.B Aug. 4, 2014) ("Final Order"). For the reasons set forth below, this court affirms.

## BACKGROUND

Mr. Alexander was a former Field Representative with the Census Bureau in Cleveland, Ohio. After he was discharged in March 2012, he filed a complaint with the Office of Special Counsel ("OSC") alleging he was the victim of personnel actions protected by the Whistleblower Protection Act ("WPA"). 5 U.S.C. §§ 2301–2306 (2012). The OSC notified Mr. Alexander in a letter dated April 30, 2014, that he could "file a request for corrective action with the [Board] within [sixty-five] days after the date of the letter," Resp't's App. 52, setting a July 5, 2013 deadline to file an IRA with the Board. The letter also stated if Mr. Alexander chose to file an appeal, he "should submit the enclosed letter to the Board as part of [the] appeal." *Id.*

Mr. Alexander alleges he filed a document with the Board on May 3, 2013, under a Board docket number used in a different Board decision involving Mr. Alexander. The document stated "[h]ere is a letter from the OSC[,]" but did not include an attachment. *Id.* at 4.

---

[*] Honorable Rodney Gilstrap, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

Mr. Alexander filed his IRA on November 12, 2013, well beyond the sixty-five day deadline, claiming the agency "terminated his employment in retaliation for his whistleblowing disclosures, as well as because of his race and religion." *Id.* at 2.

On February 3, 2014, the Administrative Judge ("AJ"), in an Initial Decision, dismissed Mr. Alexander's IRA appeal for lack of jurisdiction and untimeliness.[1] Mr. Alexander filed a petition for review of the Initial Decision. In its August 4, 2014, Final Order, the Board denied Mr. Alexander's petition for review and affirmed the Initial Decision's finding of untimeliness. Mr. Alexander appeals the Board's Final Order dismissing his IRA as untimely filed. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

## DISCUSSION

### I. Standard of Review and Timeliness

Because the Board "has broad discretion to control its own docket," this court must "affirm the board's decision to dismiss an untimely filed petition for review unless the decision is shown to have been 'arbitrary, an abuse of discretion, or otherwise not in accordance with law.'" *Olivares v. Merit Sys. Prot. Bd.*, 17 F.3d 386, 388 (Fed. Cir. 1994) (citation omitted). This court is bound by the Board's factual findings "unless those findings are not supported by substantial evidence." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

---

[1]    The Administrative Judge ("AJ") dismissed the appeal as untimely and for lack of jurisdiction. Resp't's App. 15. In its Final Decision, the Board modified the Initial Decision so that it could only address the untimeliness issue thus making a jurisdictional determination unnecessary. *Id.* at 3 n.3.

The WPA sets specific deadlines for filing and 5 C.F.R. § 1209.5 elaborates on those deadlines. It states an action must be filed:

(1) No later than 65 days after the date of issuance of the Special Counsel's written notification to the appellant that it was terminating its investigation of the appellant's allegations or, if the appellant shows that the Special Counsel's notification was received more than 5 days after the date of issuance, within 60 days after the date the appellant received the Special Counsel's notification; or,

(2) At any time after the expiration of 120 days, if the Special Counsel has not notified the appellant that it will seek corrective action on the appellant's behalf within 120 days of the date of filing of the request for corrective action.

5 C.F.R. § 1209.5; *see also* 5 U.S.C. § 1214(a)(3). Although "the time limit for filing an IRA appeal cannot be waived for good cause," *Pacilli v. Merit Sys. Prot. Bd.*, 404 F. App'x 466, 469 (Fed. Cir. 2010), the Board may inquire as to whether equitable tolling may excuse an untimely filed IRA appeal. *Id*; *see also* Resp't's Br. 2 ("The [AJ] ordered Mr. Alexander to file evidence and argument showing that he filed on time or that the circumstances met the test of tolling."). Mr. Alexander bears the burden of demonstrating his IRA was timely filed by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(ii) (2014).

## II. The Board Did Not Err in Dismissing Mr. Alexander's IRA as Untimely Filed

The Board found Mr. Alexander did not meet his burden to show his IRA was timely filed. This finding was supported by substantial evidence. Mr. Alexander failed to demonstrate he filed his IRA before the July 5, 2013,

deadline. Though Mr. Alexander claims he filed his appeal on May 3, 2013, his filing on that date was under a different docket number and was not accompanied by a letter from the OSC. He provides no evidence showing the filing related to the IRA in the instant case. Without such information, the Board correctly found Mr. Alexander did not meet his burden to show he timely filed his appeal.

Mr. Alexander filed his appeal several months after the statutory deadline and he provides no evidence that this IRA was timely. Furthermore, he does not address why his untimely filed IRA appeal should be subject to the doctrine of equitable tolling. Mr. Alexander has failed to show why the Board's dismissal of his petition for review as untimely was arbitrary, an abuse of discretion, or otherwise not in accordance with the law.

CONCLUSION

For the reasons set forth above, and because we find Mr. Alexander's remaining arguments are without merit, the Board's decision is

**AFFIRMED**

COSTS

No costs.