NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANNY J. NEESE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1144

---

Petition for review of the Merit Systems Protection Board in No. NY-0845-15-0316-I-1.

---

Decided:  July 19, 2023

---

DANNY J. NEESE, Coram, NY, pro se.

ELIZABETH W. FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before MOORE, *Chief Judge*, CLEVENGER and CHEN, *Circuit Judges*.

PER CURIAM.

Danny J. Neese appeals a decision of the Merit Systems Protection Board (Board) dismissing his petition for review as untimely. For the following reasons, we *affirm*.

## BACKGROUND

Mr. Neese has received disability benefits since 2013. S. Appx. 11–13. The Office of Personnel Management (OPM) determined Mr. Neese had been overpaid $8,299 in disability retirement benefits and set a repayment schedule of 165 monthly installments of $50 and one final installment of $49. S. Appx. 34–37. Mr. Neese appealed this decision to the Board. On September 26, 2016, the administrative judge (AJ) issued an initial decision affirming OPM's determination that Mr. Neese had been overpaid but adjusting the repayment schedule. S. Appx. 10–20. The initial decision notified Mr. Neese that if he wanted the full Board to review the decision, then he must file a petition for review by October 31, 2016. S. Appx. 21.

Mr. Neese filed a petition for review on December 5, 2016, thirty-five days after the deadline. S. Appx. 51–53. The Board thus considered whether Mr. Neese's delay was excusable for good cause. Mr. Neese asserted his petition was untimely because he had been experiencing certain medical issues. He submitted medical statements showing he visited the emergency room on June 20, September 12, and October 6, 2016 due to psychological issues. S. Appx. 52, 56, 69, 74–75. He also submitted a copy of a report from his primary care physician dated December 6, 2016, identifying several diagnoses including anxiety, recurrent major depressive disorder, and insomnia. S. Appx. 71–73. The Board considered these submissions and found Mr. Neese failed to explain how his medical conditions prevented him from timely filing his petition for review. S. Appx. 3–4. Because Mr. Neese did not demonstrate good cause for his delay, the Board dismissed the petition for review as untimely. S. Appx. 4. Mr. Neese appeals. We have

jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## DISCUSSION

A petitioner must file a petition for review "within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision." 5 C.F.R. § 1201.114(e). The Board may waive this time limit upon a showing of good cause. 5 C.F.R. §§ 1201.113(d), 1201.114(g). To establish good cause, the petitioner "must show that he exercised diligence or ordinary prudence under the particular circumstances of the case." *Olivares v. Merit Sys. Prot. Bd.*, 17 F.3d 386, 388 (Fed. Cir. 1994) (citation omitted). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). We will affirm the Board's decision to dismiss an untimely petition for review unless such decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 7703(c).

The Board did not abuse its discretion in determining Mr. Neese failed to meet his burden to demonstrate good cause for his delay. The Board considered that Mr. Neese had been in the emergency room on June 20, September 12, and October 6, 2016, but found Mr. Neese failed to explain how any of these visits prevented him from timely filing his petition. S. Appx. 3. The visits on June 20 and September 12, 2016 *predated* the issuance of the September 26, 2016 initial decision. *Id.* And Mr. Neese did not explain how the one-day emergency room visit on October 6 prevented him from filing his petition on or before the October 31 deadline. *Id.* The Board also considered that Mr. Neese had been

diagnosed with several mental health conditions but again found he failed to explain how these conditions prevented him from filing his petition. S. Appx. 4; *see Ford-Clifton v. Dep't of Veterans Affs.*, 661 F.3d 655, 659 (Fed. Cir. 2011) ("[W]hen petitioners allege delay for medical reasons, they must affirmatively identify medical evidence that addresses the entire period of delay and explain how the illness prevented a timely filing.").

On appeal, Mr. Neese argues the Board failed to consider his lack of intent to file late and his pro se status, but these factors alone do not demonstrate good cause. Mr. Neese also argues the Board's decision was wrong because "[it] waited six years to make a final decision" on his petition while it lacked a quorum. Appellant's Informal Opening Br. at 3. While unfortunate, the Board's delay does not demonstrate good cause for Mr. Neese's delay. On the facts of this case, we cannot say the Board's dismissal of Mr. Neese's untimely petition was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.[1] We therefore affirm the Board's decision.

### AFFIRMED

COSTS

No costs.

---

[1] Mr. Neese also makes several arguments challenging the merits of OPM's underlying decision. *See* Appellant's Informal Opening Br. at 3; Appellant's Informal Reply Br. at 2. We cannot consider these arguments because they are beyond the limited scope of this appeal. *See Olivares*, 17 F.3d at 388. The only issue presented on appeal is whether the Board properly dismissed the untimely petition.