NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EVELYN A. ANDERSON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1248

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-13-0106-I-1.

---

Decided:  August 11, 2023

---

EVELYN A. ANDERSON, Grand Prairie, TX, pro se.

ALLISON JANE BOYLE, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.

---

Before PROST, WALLACH, and CHEN, *Circuit Judges.*

PER CURIAM.

Evelyn Anderson appeals a final order of the Merit Systems Protection Board (Board) dismissing her petition as untimely. *Anderson v. Dep't of the Navy*, No. DA-0752-13-0106-I-1, 2022 WL 16640824, at \*1 (M.S.P.B. Nov. 2, 2022) (*Final Order*). Because the Board did not abuse its discretion in considering the petition to be untimely filed, we *affirm*.

## BACKGROUND

On October 31, 2012, the Department of the Navy (Navy) removed Ms. Anderson from her position as a communications clerk for making an inappropriate comment in the workplace. *Anderson v. Navy*, No. DA-0752-13-0106-I-1, 2013 WL 5917683 (Mar. 28, 2013) (*Initial Decision*). Ms. Anderson appealed the Navy's removal to the Board, and on March 28, 2013, the Board issued an initial decision affirming the removal. *Id.* The Board indicated that this initial removal decision would become final unless Ms. Anderson were to file a petition for review by May 2, 2013. *Final Order*, 2022 WL 16640824, at \*1.

Over four years later, on April 11, 2017, Ms. Anderson petitioned the Board for review of its initial decision. *Id.* The Board notified Ms. Anderson that her petition was untimely filed and requested her to show good cause for the delay. *Id.* Ms. Anderson's motion explained that her inexperience with the Board's process, her pro se status, and her mounting personal difficulties—including the loss of family members, the loss of a close friend, and a complicated divorce—contributed to her delay in filing the petition. *Id.*

In its final order responding to Ms. Anderson's petition and motion, the Board dismissed the petition as untimely filed without good cause. *Id.* Ms. Anderson timely appealed this final order. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The Board will waive the time limit for filing a petition upon a showing of good cause for the delay. 5 C.F.R. § 1201.114(g). To show good cause, the petitioner must establish that she "exercised diligence or ordinary prudence under the particular circumstances of the case." *Olivares v. Merit Sys. Prot. Bd.*, 17 F.3d 386, 388 (Fed. Cir. 1994) (citation omitted). "The [Board] has broad discretion to control its own docket and we will not substitute our judgment for that of the [B]oard in this regard." *Id.* Indeed, we must affirm the Board's decision unless we find it "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Brenner v. Dep't of Veterans Affs.*, 990 F.3d 1313, 1322 (Fed. Cir. 2021).

We do not believe the Board abused its discretion in finding Ms. Anderson's petition untimely filed without good cause. There is no dispute that Ms. Anderson's petition was untimely filed. And while we acknowledge Ms. Anderson's personal difficulties leading up to the Board's initial decision, her pro se status, and her inexperience with the Board's procedures, the Board's final order considered each of these factors and concluded that they did not amount to a showing of good cause because (1) the initial decision contained "clear and unambiguous" and "straightforward instructions" for filing a petition, (2) her personal difficulties, while unfortunate, did not constitute good cause, and (3) Ms. Anderson had not explained why her circumstances resulted in a four-year delay between the initial decision and her petition for review. *Final Order*, 2022 WL 16640824, at *1–2. We thus find no abuse of discretion in the Board's dismissal of the petition.

Ms. Anderson does not credibly challenge the Board's dismissal in its final order. Instead, she focuses her appeal

arguments on challenging the merits of the Board's initial removal decision, alleging the Board committed both factual and legal error in affirming her removal from the Navy. Appellant's Informal Br. at 2–3; Appellant's Informal Reply at 1–2. But to have timely appealed this initial decision to this court, Ms. Anderson should have filed the appeal within 60 days after the initial decision became final on May 2, 2013. 5 U.S.C. § 7703(b)(1). Because Ms. Anderson did not timely appeal the Board's decision, her attacks on the merits of that decision lie beyond the scope of the present appeal. *See Olivares*, 17 F.3d at 388 ("[Appellant] did not timely appeal to this court the final decision of the [B]oard that affirmed the [agency] decision. . . . Accordingly, we may not review that decision and it remains the final decision of the [B]oard.").

## CONCLUSION

We have considered Ms. Anderson's remaining arguments and find them unpersuasive. For the reasons above, we affirm the Board's dismissal of Ms. Anderson's petition.

## **AFFIRMED**

### COSTS

No costs.