NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOEL JENNINGS WARNE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2025-1258

---

Petition for review of the Merit Systems Protection Board in No. SF-1221-23-0305-W-1.

---

Decided: November 10, 2025

---

JOEL J. WARNE, Galveston, TX, pro se.

DEANNA SCHABACKER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before CUNNINGHAM, LINN, and STARK, *Circuit Judges.*

PER CURIAM.

Joel J. Warne seeks review of a decision of the Merit Systems Protection Board ("Board") dismissing his individual right of action ("IRA") appeal as untimely filed. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(B) and 28 U.S.C. § 1295(a)(9). We affirm.

As the Board has "broad discretion to control its own docket," we affirm its dismissal of an untimely IRA unless we conclude the determination is "arbitrary, an abuse of discretion, or otherwise not in accordance with the law." *Olivares v. Merit Sys. Prot. Bd.*, 17 F.3d 386, 388 (Fed. Cir. 1994). We will not disturb the Board's factual findings unless they are not supported by substantial evidence. *See Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

An appeal from an adverse IRA determination must be filed within 65 days after the United States Office of Special Counsel ("OSC") notifies the complainant it is terminating its investigation into his allegations; the 65 days consists of the 60 days provided for by statute, *see* 5 U.S.C. § 1214(a)(3)(A)(ii), plus an additional five days added by regulation to account for mailing the notice, *see* 5 C.F.R. § 1209.5(a)(1). Here, it is undisputed that Warne filed his appeal with the Board on April 16, 2023, S'Appx79-84,[1] which is more than 65 days after the OSC sent him an email on February 7, 2023, informing him that it had terminated its investigation of his allegations, S'Appx89-90. Even assuming, as the Board did (and we do as well), that Warne was, as he contends, locked out of his email account until approximately a month after this message was sent to him, *see* S'Appx51-53, what matters in this context is when the email was delivered to Warne, not when he

---

[1] "S'Appx" refers to the Supplemental Appendix filed by the government with its Informal Brief. ECF No. 29.

received or read it, *see* S'Appx16-17 (citing *Anderson v. Dep't of Transp.*, 735 F.2d 537, 541 (Fed. Cir. 1984) (finding letter is received when delivered to party's address, even if party did not physically receive it)). We thus agree with the Board's analysis. *See also* 5 C.F.R. § 1201.22(b)(3) ("[A]n [employee] may not avoid service of a properly addressed and mailed decision by intentional or negligent conduct which frustrates actual service."); Fed. R. Civ. P. 5(b)(2)(E) (providing that service of a document is effective upon "sending it by [an] electronic means" unless "the filer or sender learns that it did not reach the person to be served").

Warne additionally argues that his late filing should be excused either for good cause or under the doctrine of equitable tolling because it was caused by his dyscalculia and he was diligent in pursuing a different proceeding involving the same general facts. Yet, as the Board correctly held, the timing requirement for filing an IRA appeal is statutory and cannot be waived for good cause. S'Appx12; *see MacDonald v. Dep't of Just.*, 105 M.S.P.R. 83, 88 (2007); *Wood v. Dep't of the Air Force*, 54 M.S.P.R. 587, 592 (1992). While equitable tolling may be available, *see* S'Appx12-13; *Harrow v. Dep't of Def.*, 601 U.S. 480, 489-90 (2024), it is limited to circumstances in which "a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). We agree with the Board that neither Warne's dyscalculia nor his pursuit of an Equal Employment Opportunity complaint constitutes such extraordinary circumstances, and that these circumstances do not warrant equitable tolling. S'Appx19-21; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing [it].").

We have considered Mr. Warne's remaining arguments and find they lack merit. Accordingly, the Board's judgment of dismissal is affirmed.

## AFFIRMED

### COSTS

Each party to bear its own costs.