NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BYRON C. FARLEY,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2025-1827

---

Petition for review of the Merit Systems Protection Board in No. DA-1221-25-0189-W-1.

---

Decided:  January 15, 2026

---

BYRON C. FARLEY, Weslaco, TX, pro se.

STEPHEN FUNG, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by KATHERINE MICHELLE SMITH.

---

Before REYNA and CHEN, *Circuit Judges*, and FREEMAN, *District Judge.*[1]

PER CURIAM.

Pro se appellant Byron C. Farley challenges a final order of the Merit Systems Protection Board dismissing his appeal as untimely and not subject to equitable tolling. We affirm.

## BACKGROUND

In 2010, Mr. Farley was removed from his position at United States Customs and Border Patrol for failure to cooperate with an official investigation. On October 21, 2024, Mr. Farley filed a complaint with the Office of Special Counsel ("OSC"), alleging his removal was a prohibited personnel action and retaliation for whistleblowing. SAppx45–75.[2] On November 20, 2024, OSC issued a letter closing its inquiry into Mr. Farley's complaint on grounds that each of his claims was deficient. SAppx76–77.

Sixty-six days later, on January 25, 2025, Mr. Farley filed an individual right of action ("IRA") appeal with the Merit Systems Protection Board ("Board"), again challenging his removal based on whistleblowing. SAppx28–29. Without reaching the merits, the Board issued an order on timeliness, notifying Mr. Farley it "appears that your appeal was filed 1 day late." SAppx78–81. The order required Mr. Farley to submit "evidence and/or argument" showing the filing was timely or that the circumstances warrant equitable tolling. SAppx80–81.

---

[1]    Honorable Beth Labson Freeman, District Judge, United States District Court for the Northern District of California, sitting by designation.

[2]    "SAppx" refers to the supplemental appendix accompanying Respondent's Informal Brief, which is docketed at ECF No. 17.

Mr. Farley submitted a response to the Board's order on timeliness. SAppx86–89. In his response, he acknowledged that he "missed the deadline date," but countered that he "did everything within [his] power to make the deadline." SAppx86. For example, Mr. Farley explained that he had discussed appealing the OSC decision to the Board with his same attorneys who handled the OSC proceedings. SAppx86–87. Mr. Farley claimed that about two weeks before the deadline, he sent his attorneys a "narrative" to be used in the IRA appeal. SAppx86. His attorneys acknowledged receipt and stated that they were "working on [his] response." SAppx87. Mr. Farley contended that three days before the filing deadline one of his attorneys explained that his firm would not "take on" the IRA appeal because it would likely not prevail, but that Mr. Farley could file on his own, and that the deadline was in three days. SAppx87–88. Mr. Farley started working on his appeal and realized he "didn't have the tools or the information" needed to file on time. SAppx88. Mr. Farley alleged that he tried to contact his attorney but was unable to reach him until 2:15pm on the filing due date, at which point his attorney provided "two user guides" for filing an appeal and Board contact information. SAppx88–89. Despite this information, Mr. Farley noted that he "missed the deadline by 3 hours and 23 minutes." SAppx89.

The Board rejected Mr. Farley's arguments and dismissed his IRA appeal. SAppx1–4. First, the Board concluded Mr. Farley's appeal was untimely because he filed one day late. SAppx2 (citing the sixty-five-day deadline set by 5 C.F.R. § 1209.5(a)(1)). Second, the Board declined to equitably toll the filing deadline. SAppx2–4. The Board acknowledged the filing deadline for IRA appeals can be equitably tolled based on 5 C.F.R. § 1209.5(b), but found that Mr. Farley's justification for his late filing—his attorney's alleged inaction and unresponsiveness—did not satisfy the limited circumstances for equitable tolling. SAppx2–3 (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S.

89, 96 (1990)).  As Mr. Farley did not file a petition for review, the Board's decision became final.  SAppx4.

Mr. Farley petitions for review of the Board's final order dismissing his appeal.  We have jurisdiction under 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

### STANDARD OF REVIEW

The Board has "broad discretion to control its own docket and we will not substitute our judgment for that of the [B]oard in this regard." *Olivares v. Merit Sys. Prot. Bd.*, 17 F.3d 386, 388 (Fed. Cir. 1994).  We must affirm a decision of the Board unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c)(1)–(3).

### DISCUSSION

The issue on appeal is whether the Board erred in determining that Mr. Farley failed to allege sufficient facts to equitably toll the filing deadline.

Mr. Farley acknowledges his appeal was untimely. SAppx86 (stating "I agree, I missed the deadline date").  We agree.  An IRA appeal "must be filed" no later than sixty-five days after OSC's written notification that it is terminating its investigation of the appellant's allegations. 5 C.F.R § 1209.5(a)(1).  Here, Mr. Farley filed his appeal with the Board sixty-six days after OSC notified him that it was closing its investigation.  *Compare* SAppx28, *with* SAppx76.

Next, we consider whether the Board erred in its determination that equitable tolling does not apply.  Equitable tolling permits a deadline extension "where the appellant, despite having diligently pursued his or her rights, was unable to make a timely filing."  5 C.F.R. § 1209.5(b).  Equitable tolling is limited to circumstances in which "a litigant has pursued his rights diligently but some extraordinary

circumstance prevents him from bringing a timely action." *Warne v. Merit Sys. Prot. Bd.*, No. 2025-1258, 2025 WL 3135456, at \*1 (Fed. Cir. Nov. 10, 2025) (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)).  The regulation provides examples when equitable tolling applies, such as "cases involving deception or in which the appellant filed a defective pleading during the statutory period."  5 C.F.R. § 1209.5(b).

Mr. Farley attributes his late filing to his attorney's last-minute decision not to take his case, his lack of resources until the filing date, and other issues, like technical glitches and problems with portal access.  SAppx86–89; Informal Reply Br. 2–3.  Mr. Farley argues that after his attorney declined his case, he worked "diligent[ly] to the point of exhaustion" but was still unable to file on time.  Informal Reply Br. 3.

The Board addressed Mr. Farley's reasons for his late filing.  The Board found that alleged attorney misconduct or miscommunication did not trigger equitable tolling because Mr. Farley "bears the responsibility for any failings of his chosen representative."  SAppx3.  The Board also determined that Mr. Farley could have investigated how to file himself instead of waiting for his attorney to provide resources and that any delay was "simple negligence," which the Board noted is not enough to apply equitable tolling.  SAppx3–4.  We see no error in the Board's findings.  While we are sympathetic to Mr. Farley's situation, we see no reason to disturb the Board's decision.

## CONCLUSION

We have considered Mr. Farley's remaining arguments and find them unpersuasive.  Accordingly, we affirm the Board's final decision dismissing Mr. Farley's IRA appeal.

## **AFFIRMED**

### COSTS

No costs.