NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD NEAL BATDORF,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3080

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-11-0461-I-1.

---

Decided: September 11, 2014

---

RONALD NEAL BATDORF, of Virginia Beach, Virginia, pro se.

KATRINA LEDERER, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before PROST, *Chief Judge,* NEWMAN and REYNA, *Circuit Judges.*

PER CURIAM.

Ronald Neal Batdorf seeks review of a decision of the Merit Systems Protection Board ("Board") dismissing his petition for review as untimely filed. *See Batdorf v. Dep't of Defense,* No. DC-0752-11-0461-I-1 (M.S.P.B. Jan. 16, 2014). Because Mr. Batdorf has failed to show that the Board's dismissal of his petition for review was arbitrary, capricious, or otherwise not in accordance with the law, we affirm.

## BACKGROUND

Mr. Batdorf worked for the Department of Defense ("DOD") as an Operations Research Analyst. Prior to June 1, 2010, the DOD's employees were classified under the National Security Personnel System pay scale. In June 2010, however, the DOD converted all of its employees to the General Schedule pay scale. *See* National Defense Authorization Act for Fiscal Year 2010, Pub. L. No. 111-84, 123 Stat. 2190, 2498. Mr. Batdorf was converted to a GS-14 grade.

On March 24, 2011, Mr. Batdorf filed an appeal with the Board, alleging that he should have been placed in a GS-15 position. After the DOD filed a motion to dismiss, the administrative judge issued an order noting both that Mr. Batdorf had not alleged any loss in pay as a result of the DOD's action and that the Board does not have jurisdiction over reduction-in-rank appeals. The order also stated that Mr. Batdorf's appeal was untimely; it requested Mr. Batdorf to file evidence and argument to prove that the matter was within the Board's jurisdiction and timely filed.

On May 6, 2011, Mr. Batdorf withdrew his appeal, stating that he wished to pursue other options with his local command. The administrative judge then issued an Initial Decision on May 10, 2011, dismissing Mr. Batdorf's appeal. The Initial Decision also advised Mr. Batdorf of

the procedures and deadline for filing a petition for review, and it became the Board's Final Decision on June 14, 2011.

On September 18, 2013, Mr. Batdorf filed a petition for review of his case. In this petition, Mr. Batdorf alleged that the administrative judge had "persuaded/advised" him to withdraw his Board appeal more than two years ago and pursue an internal solution within the DOD instead since reduction-in-rank appeals are not within the Board's jurisdiction. Mr. Batdorf also argued that he had discovered new evidence after the time period for filing had elapsed. On October 17, 2013, Mr. Batdorf further filed a motion to waive the time limit for good cause and motion to reopen, where he stated that he had pursued an administrative solution to his complaint, but that did not lead to a resolution of the matter. He also stated that only after exhausting that option did he consult with an attorney, who advised him to seek to reopen his Board appeal.

On January 16, 2014, the Board issued a Final Order dismissing Mr. Batdorf's petition for review as untimely. The Board found that Mr. Batdorf had filed his petition for review more than two years after the date of the Initial Decision and had failed to show he exercised due diligence or ordinary prudence given the circumstances of his case. For example, the Board noted that Mr. Batdorf alleged that he discovered new and material evidence on April 16, 2013, but he did not file his petition for review until September 18, 2013. Mr. Batdorf now appeals the Board's dismissal of his petition for review.

## DISCUSSION

Under the Board's regulations, a petition for review must be filed within thirty-five days of the issuance of an Initial Decision, or, if the petitioner shows that the Initial Decision was first received more than five days after the date of issuance, it must be filed within thirty days after

the date the petitioner or his representative received the Initial Decision. 5 C.F.R. § 1201.114(e). However, the Board will waive the time limit upon a showing of good cause. 5 U.S.C. § 7701(e)(1); 5 C.F.R. § 1201.114(g).

The petitioner carries the burden to show, by preponderant evidence, that good cause existed for the delay. *Williams v. Office of Pers. Mgmt.*, 71 M.S.P.R. 597, 601 (1996). To establish good cause, the petitioner "need not show that it was impossible to file timely, only that the delay was excusable under the circumstances where diligence or ordinary prudence had been exercised." *Phillips v. U.S. Postal Serv.*, 695 F.2d 1389, 1391 (Fed. Cir. 1982).

We must affirm the Board's decision to deny a good cause waiver of a filing deadline unless the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We will not substitute our own judgment for that of the Board in determining whether the regulatory time limit for an appeal should be waived based upon a showing of good cause. *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

In this case, Mr. Batdorf requests a good cause waiver for two reasons. First, Mr. Batdorf argues that he demonstrated to the Board that he exercised due diligence from April 16, 2013, when he received the new evidence, to September 18, 2013, when he filed his petition for review. He provided a timeline of meetings, e-mails, and letters he allegedly sent to various persons during the time period. The Government argues that, while this may evidence diligence in seeking an administrative resolution, Mr. Batdorf's proffered series of events fails to

demonstrate that Mr. Batdorf exercised due diligence in seeking to *reopen his appeal.*

In view of the Board's evaluation of these considerations, we conclude that nothing in the Board's dismissal of Mr. Batdorf's petition for review can be characterized as arbitrary, capricious, or otherwise not in accordance with the law. The burden was on Mr. Batdorf to show that he was diligent from April 16, 2013, the date he received the new evidence, until September 18, 2013, the date he filed his petition for review. We note, however, that there are several noticeable gaps in Mr. Batdorf's alleged timeline. For example, we fail to see how pursuing an Inspector General investigation for almost two months shows diligence in seeking to reopen an appeal with the Board. And, in any event, Mr. Batdorf has failed to adequately explain why he waited more than two months from when he was advised by the Joint Staff Inspector General to file with the Board to when he actually filed his petition.

Next, Mr. Batdorf argues that his prior withdrawal of his appeal was essentially invalid, as he never would have withdrawn his appeal if not for the administrative judge's advice. The Government argues that his withdrawal of the appeal was an act of finality. *Cason v. Dep't of the Army*, 118 M.S.P.R. 58, ¶ 5 (2012). And a withdrawn appeal will typically not be reinstated in the absence of unusual circumstances, such as misinformation or new and material evidence. *Id.* According to the Government, Mr. Batdorf has not established such an unusual circumstance, and he relies only on allegations regarding what the administrative judge told him.

We again agree with the Government. Even assuming that the administrative judge advised Mr. Batdorf that he was likely to find that the Board did not have jurisdiction over the appeal, Mr. Batdorf has not alleged that the advice was misleading. In fact, the administrative judge made similar statements in the Order to Show

Cause, which explained that reduction-in-rank appeals are not within the Board's jurisdiction. Mr. Batdorf has also not alleged that the administrative judge assured him of a favorable outcome if he withdrew his appeal; the administrative judge merely indicated that he did not believe the Board had jurisdiction to hear the appeal and offered an alternative course of action. We conclude that the administrative judge's statements also do not excuse Mr. Batdorf's late filing.

## CONCLUSION

For the foregoing reasons, we conclude that Mr. Batdorf has failed show that the Board abused its discretion in dismissing his petition for review as untimely. Therefore, we affirm the Board's Final Order.

## **AFFIRMED**

### COSTS

Each party shall bear its own costs.