NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TANYA F. PELCHER-HERRING,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3060

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-13-0152-B-1.

---

Decided: May 14, 2015

---

TANYA F. PELCHER-HERRING, Greensboro, NC, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before NEWMAN, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Tanya Pelcher-Herring appeals the decision of the Merit Systems Protection Board ("Board") to dismiss her petition for review as untimely. For the following reasons, we *affirm*.

## BACKGROUND

Ms. Pelcher-Herring served as a Training and Development Specialist with the Federal Mediation and Conciliation Service ("Agency"). According to the Agency, Ms. Pelcher-Herring did not report to work for nine months between January 25 and October 26, 2012. She explained to supervisors that her absence was due to physical and psychological impairment that prevented her from traveling, speaking in a classroom-level training voice, or dealing with stress related to work. The Agency placed Ms. Pelcher-Herring on absent without leave status and eventually removed her on October 26, 2012 for medical inability to perform.

Ms. Pelcher-Herring appealed her removal to the Board. Her allegations included discrimination, failure to accommodate a disability, constructive suspension, harmful error, privacy violations, and retaliation for her protected whistleblowing activities. On March 26, 2013, an administrative judge ("AJ") found that Ms. Pelcher-Herring's removal was justified based on her medical inability to perform her job, and that she had not established any affirmative defense.

The Board affirmed the AJ's initial decision, but found that the AJ had failed to address Ms. Pelcher-Herring's allegations of prohibited personnel practices related to her whistleblowing activities under 5 U.S.C. § 2302(B)(9)(b) and (B)(12). The Board remanded for findings on that issue.

Following a supplemental hearing, an AJ found that Ms. Pelcher-Herring had not proven her allegations of

prohibited personnel practices. The AJ credited the testimony of Ms. Pelcher-Herring's managers that at the time they were considering her removal, they were unaware of her alleged whistleblowing activities. The AJ issued his decision in favor of the agency on July 2, 2014. The AJ's decision included a notice stating that the decision would become final on the later of August 6, 2014 or thirty days after Ms. Pelcher-Herring actually received the decision. Ms. Pelcher-Herring was a registered e-filer on the Board's electronic filing system at that time.

On August 7, Ms. Pelcher-Herring used the Board's e-filing system to file a petition for review of the July 2 order. She indicated in her petition that her filing was timely because she did not receive the July 2 order until July 8. In a motion to accept the filing as timely, Ms. Pelcher-Herring further explained that she had good cause for the late filing because on July 15, she underwent a surgical procedure and was taking oxycodone, a pain medication with physical and mental side-effects.

On November 12, 2014, the Board dismissed Ms. Pelcher-Herring's petition as untimely, and she appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

A. Standard and Scope of Review

Our review of a Board decision is circumscribed by statute. We can set the decision aside only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012). The Board has broad discretion to control its own docket, and we will not reweigh the facts of the case or substitute our judgment for that of the Board. *See Olivares v. Merit Sys. Prot. Bd.*, 17 F.3d 386, 388 (Fed. Cir. 1994).

The sole issue on appeal is whether the Board erred by dismissing Ms. Pelcher-Herring's August 7 petition as untimely. Although Ms. Pelcher-Herring addresses the timelines of her petition, she argues that her appeal should be considered on the merits. Brief of Appellant at 6. She misunderstands the scope of our review. This appeal is taken from the final Board decision of November 12, 2014, which dismissed Ms. Pelcher-Herring's petition as untimely without reaching the merits. Because we review only the decision below, the merits are not properly before us, and we will consider only the issue of timeliness. *See Alexander v. Merit Sys. Prot. Bd.*, 152 F.3d 948 (Fed. Cir. 1998).

### B. Timeliness

We agree that Ms. Pelcher-Herring's petition was late by one day. Under the Board's regulations, a petition to review must be filed by the later of 35 days after the decision issues, or 30 days after the petitioner receives a decision. 5 C.F.R. § 1201.114(e); *see also* 5 U.S.C. § 7701(e)(1)(A). Ms. Pelcher-Herring did not file within the limits set forth by either the 35-day or 30-day calculation.

Ms. Pelcher-Herring does not challenge the Board's timeliness determination under the 35-day calculation. There is no dispute that the AJ's decision issued on July 2 and that Ms. Pelcher-Herring filed her appeal on August 7, more than thirty five days later. Ms. Pelcher-Herring's petition is therefore not timely under the 35-day calculation.

Ms. Pelcher-Herring nevertheless claims her filing was timely under the 30-day calculation because she did not receive notice of the decision until July 8, and she filed within thirty days thereafter.

The Board found that Ms. Pelcher-Herring failed to demonstrate that she received the decision only on July 8. In addition, Board regulations dictate that "documents

served electronically on registered e-filers are deemed received on the date of electronic submission." 5 C.F.R. § 1201.14(m)(2). Because Ms. Pelcher-Herring was a registered e-filer on July 2, the Board presumed that she received the decision when it issued on July 2. The Board also found that Ms. Pelcher-Herring offered no basis to substantiate her claims of receiving the decision six days after it was electronically issued. Consequently, the Board saw no basis for deviating from its presumption of receipt under § 1201.14(m)(2). We see no abuse of discretion in the Board's timing analysis.

## C. Good Cause

When a petition is filed late, the Board may nevertheless accept it if the petitioner demonstrates good cause for the delay. 5 U.S.C. § 7701(e)(1); 5 C.F.R. § 1201.114(g). To determine whether the petitioner has demonstrated good cause, the Board has stated it considers: (1) the length of the delay, (2) whether the petitioner is pro se, (3) the reasonableness of the excuse and the petitioner's showing of due diligence, and (4) whether the petitioner presented evidence of circumstances beyond her control that affected her ability to comply with the time limits. *See Palermo v. Department of the Navy*, 120 M.S.P.R. 694 ¶ 4 (2014). The petitioner carries the burden of showing good cause by a preponderance of the evidence. *See Batdorf v. Merit Sys. Prot. Bd.*, 582 F. App'x 869, 871 (Fed. Cir. 2014).

Noting that Ms. Pelcher-Herring was proceeding pro se and that her delay was minimal, the Board nevertheless found she had presented no reasonable excuse for the late filing. Regarding her medical condition, the Board found that Ms. Pelcher-Herring failed to explain how the condition prevented her from timely filing her petition or from requesting an extension of time. Regarding her confusion about the filing deadline, the Board found that Ms. Pelcher-Herring's misreading of the filing deadline

did not establish good cause because she received proper notice of the deadline. The Board explained that "a party's misinterpretation or misreading of the filing deadline, without more, does not establish good cause for an untimely filing where the initial decision informs the parties of the proper filing deadline and provides notice of the process for filing a petition for review."

We find no fault with the Board's determination that Ms. Pelcher-Herring's medical excuse did not demonstrate good cause.

We also find that the Board did not abuse its discretion by finding that petitioner's misreading of the filing deadline did not demonstrate good cause. It is the petitioner's burden to show good cause by preponderant evidence. As the Board correctly noted, Ms. Pelcher-Herring has shown nothing to substantiate her claim of having received the decision no earlier than July 8. Moreover, as a registered e-filer, Ms. Pelcher-Herring consented to accept all documents issued by the Board in electronic form, *see* 5 C.F.R. § 1201.14(e)(1), and was under obligation to monitor the e-filing system for case activity, *see id.* § 1201.14(j)(3). The Board was therefore within its discretion to determine that Ms. Pelcher-Herring did not carry her burden to prove the alleged late receipt or the existence of any confusion derived therefrom. Accordingly, we cannot find that the Board's actions were arbitrary, an abuse of discretion, or otherwise erroneous under the law.

## CONCLUSION

For all of the foregoing reasons, the decision of the Board is *affirmed*.

## AFFIRMED

### COSTS

No costs.