**Charles G. PARKIN, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3333.

United States Court of Appeals, Federal Circuit.

Jan. 8, 2003.

Before CLEVENGER, SCHALL, and PROST, Circuit Judges.

## DECISION

PER CURIAM.

Charles G. Parkin petitions for review of the final decision of the Merit Systems Protection Board ("MSPB" or "Board") that dismissed his petition for review as untimely filed. *Parkin v. Dep't of Justice,* No. SF–0752–98–0551–I–2, 2002 WL 1018557 (M.S.P.B. May 14, 2002). We *affirm.*

## DISCUSSION

### I.

Effective May 24, 1998, the United States Department of Justice, Bureau of Prisons ("agency"), removed Mr. Parkin from his position as a Correctional Officer. Mr. Parkin appealed his removal to the Board. Subsequently, on November 4, 1998, the parties entered into an agreement settling the appeal. The administrative judge ("AJ") made the settlement agreement part of the record for enforcement purposes and then, on November 5, 1998, dismissed the appeal in an initial decision. The AJ's initial decision became the final decision of the Board on December 10, 1998, when neither party filed a petition for review.

On February 28, 2001, Mr. Parkin filed a pleading with the Board entitled "Appellant's Petition to Interpret or Enforce Settlement Agreement or, in the Alternative, Contingent Motion to Void the Settlement Agreement and Reinstate the Appeal." In his pleading, Mr. Parkin informed the Board that he had filed a tort action in Nevada against a private party based upon certain actions by that party that related to his prior removal by the agency. Mr. Parkin further informed the Board that, in that action, the private party had asserted that the November 1998 settlement agreement barred Mr. Parkin's suit. He requested that the Board interpret the set-

tlement agreement and find that his tort action was not barred or, in the alternative, that the Board set aside the settlement agreement as invalid.

The AJ determined that Mr. Parkin was not seeking enforcement of the settlement agreement but, rather, was asking the Board to issue an advisory opinion as to whether the agreement barred his tort action. The AJ ruled that the Board did not have the authority to issue advisory opinions and that it was for the court in Nevada to decide whether the November 1998 settlement agreement barred Mr. Parkin's suit. The AJ then forwarded Mr. Parkin's alternative "Motion to Void the Settlement Agreement and Reinstate the Appeal" to the Board.

Treating Mr. Parkin's motion as a petition for review of the November 5, 1998 decision, the Board considered whether the pleading was untimely under 5 C.F.R. § 1201.114(d). That regulation requires that a petition for review be filed within thirty-five days of the date of the initial decision. 5 C.F.R. § 1201.114(d). After concluding that Mr. Parkin's petition was untimely filed and that no good cause had been shown for the delay in filing, the Board dismissed the petition. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998). Whether the time period for filing a petition for review should be waived is a matter committed to the Board's discretion, and this court will not substitute its judgment for that of the Board. *See Olivares v. Merit Sys. Prot. Bd.*, 17 F.3d 386, 388 (Fed.Cir.1994).

## III.

We see no reason to disturb the decision of the Board not to waive the thirty-five day deadline for filing a petition for review that is set forth in 5 C.F.R. § 1201.114(d). Mr. Parkin's petition for review was filed on February 28, 2001, well over two years after the AJ's initial decision became the final decision of the Board on December 10, 1998. On appeal, Mr. Parkin argues that his delay in filing should be excused because he filed promptly after he learned, through a deposition in his tort action on February 16, 2001, that the agency believed the November 1998 settlement agreement barred his suit. This argument does not help Mr. Parkin. The problem with it is that the defendant in the tort action moved for summary judgment in June of 2000, arguing that the November 1998 settlement agreement barred Mr. Parkin's suit. The motion for summary judgment clearly put Mr. Parkin on notice of the settlement agreement issue. Under these circumstances, he failed to exercise due diligence by not filing his petition for review until more than seven months had passed. Accordingly, the Board did not err in holding that Mr. Parkin had failed to show good cause for his untimely filing.

For the foregoing reasons, the decision of the Board dismissing Mr. Parkin's petition for review as untimely is affirmed.