# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PATRICIA A. LILLY,
              Appellant,

      v.

UNITED STATES POSTAL SERVICE,
              Agency.

DOCKET NUMBER
CH-0353-16-0244-I-1

DATE: August 25, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Patricia A. Lilly</u>, Evanston, Illinois, pro se.

<u>Deborah W. Carlson</u>, Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2        In an initial decision dated May 19, 2016, the administrative judge dismissed the appellant's restoration appeal for lack of jurisdiction, finding that the appellant had waived her right to appeal under a prior settlement agreement. Initial Appeal File (IAF), Tab 15, Initial Decision (ID) at 3-4.  On July 20, 2016, the appellant filed a petition for review, arguing that the Board has jurisdiction over her appeal and reasserting her restoration claim.  Petition for Review (PFR) File, Tab 1 at 1-4.  The agency responded to the appellant's petition, arguing that it is untimely filed and asserting that the initial decision properly dismissed the appellant's claim for lack of jurisdiction.  PFR File, Tab 3 at 8-10.  In accordance with the Office of the Clerk of the Board's acknowledgment letter, PFR File, Tab 2, the appellant also has filed a motion to accept the filing as timely and/or to ask the Board to waive or set aside the time limit, asserting that she missed the filing deadline due to the recent deaths of her aunt and father and because she was not represented by an attorney, PFR File, Tab 4 at 1-2.

¶3        The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the issuance, within 30 days after the date she received the initial decision.  5 C.F.R. § 1201.114(e).  Here, the appellant has not alleged or established that she received the initial decision more than 5 days after its issuance on May 19, 2016.  PFR File, Tab 4 at 1-2.  Thus, any petition for review was due no later than June 23, 2016, making her petition for review untimely by 27 days.  ID at 4.

¶4        The Board will waive its filing deadline only upon a showing of good cause for the delay in filing.  5 C.F.R. § 1201.114(g).  To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal

relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶5    Applying the relevant factors set forth in *Moorman*, we find that the appellant has not made a showing of good cause.  Here, the appellant's delay of almost 1 month is significant.  *See Summers v. U.S. Postal Service*, 87 M.S.P.R. 403, ¶¶ 6, 12 (2000) (finding that a delay of nearly 1 month and a delay of 15 days were significant), *aff'd*, 25 F. App'x 827 (Fed. Cir. 2001).  Further, we find that the appellant's inability to secure an attorney due to the financial cost is not good cause for an untimely filing.  *See Georgeoplous v. U.S. Postal Service*, 61 M.S.P.R. 411, 413 (1994).

¶6    The appellant's motion states that the deaths of her aunt and father, the attendant circumstances, and her subsequent grieving were factors in her untimeliness and constitute good cause.  PFR File, Tab 4 at 1-2.  She submitted evidence of her father's death on April 22, 2016, *id.* at 3, which was just under 1 month before the issuance of the initial decision, 2 months before the deadline to file a petition, and 3 months before she ultimately filed her petition for review.  While we are sympathetic toward her situation, we find that her explanation does not provide good cause for the delay in filing her petition.  *See Stephens v. Department of Health & Human Services*, 95 M.S.P.R. 600, ¶ 6 (2004) (finding that family difficulties that predated the initial decision did not establish good cause for a 1-month delay in filing a petition for review), *aff'd*, 128 F. App'x 147 (Fed. Cir. 2005).

¶7    Further, the appellant has failed to show that her father's death, while unfortunate, created any circumstances beyond her control that affected her ability to comply with the time limits.  *See Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  She did not assert any details, such as whether she had to leave the area, and, if so, when she returned.  She also has not explained why no one else could have assumed the duties of making the

appropriate arrangements for filing a petition for review in her absence. *See Taylor v. U.S. Postal Service*, [53 M.S.P.R. 27](), 28 (1992). Furthermore, while the appellant's distress from losing family members is understandable, we find that such distress does not itself establish good cause for the 27-day filing delay. *See Cunningham v. Department of Transportation*, [35 M.S.P.R. 674](), 677-78 (1987) (finding that, in the absence of corroborating evidence, an appellant's allegation that he was emotionally upset over a friend's death is insufficient to establish good cause for an untimely filing); *Ruoff v. Federal Aviation Administration*, [16 M.S.P.R. 249](), 250-52 (1983) (finding that the appellant's bare assertion that he was in "serious mental trauma" due to his daughter's death was insufficient to establish good cause for failing to follow orders and timely prosecuting his appeal).

¶8 We further find that the appellant has failed to demonstrate due diligence in filing her petition. The record shows, and the appellant has not alleged otherwise, that she was aware of the time limit and procedure for filing a petition for review. ID at 4; *see Moles v. Office of Personnel Management*, [43 M.S.P.R. 89](), 90 (1989) (considering as a factor in a good cause analysis that the initial decision explicitly provided the appellant with the deadline for petitioning the Board for full review). Prior to the due date, she failed to request an extension of the filing deadline or notify the Board of any extenuating circumstances that would have prohibited her from filing a timely petition. As such, we find that she failed to take the diligent steps that would be expected of a reasonably prudent person under the circumstances. *See Alonzo*, 4 M.S.P.R. at 184 n.1.

¶9 We acknowledge the appellant's allegations that she called the Clerk's Office several times but was not provided with the assistance she sought. PFR File, Tab 4 at 1. However, she alleges that the telephone calls occurred on August 4, 2016, approximately 6 weeks after the filing deadline. *Id.* The alleged phone calls, therefore, do not provide an explanation as to why the appellant missed the deadline. Moreover, the Clerk's Office did notify the appellant that

her filing was untimely, informing her that an untimely filing must be accompanied by a motion to accept the filing as timely or to waive the time limit for good cause, and providing her with the appropriate form to file such a motion. PFR File, Tab 2 at 1-2, 7-8.

¶10 Finally, the appellant references a Department of Labor (DOL) ruling that occurred in September 2015, approximately 8 months before the issuance of the initial decision. PFR File, Tab 1 at 1-2. However, the appellant has not established that the document, or the information provided within it, was previously unavailable to her despite her due diligence. *See Parkin v. Department of Justice*, 91 M.S.P.R. 411, ¶ 7 (2002), *aff'd*, 55 F. App'x 559 (Fed. Cir. 2003); 5 C.F.R. § 1201.115(d). To the contrary, the appellant's own statements in the record suggest that she was aware of the DOL ruling when it occurred in 2015. IAF, Tab 8 at 2, 4-5. Therefore, we find there is no newly discovered evidence here that could be a basis for finding good cause for the untimely filing of the petition for review. *See Parkin*, 91 M.S.P.R. 411, ¶ 7.

¶11 For these reasons, we deny the appellant's motion to accept her filing as timely and/or to ask the Board to waive or set aside the time limit, and we dismiss the appeal as untimely filed without good cause shown for the delay.[2] *See* 5 C.F.R. § 1201.114(g). This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the appeal for lack of jurisdiction.

---

[2] On July 5, 2018, and May 16, 2022, the appellant filed two separate motions for leave to file additional pleadings. PFR File, Tabs 6, 8. Because we have dismissed the appellant's petition for review as untimely filed without good cause shown, and the appellant's motions do not allege that the new evidence and argument discussed therein relate to the timeliness issue, we deny the motions. To the extent the appellant's May 16, 2022 pleading is attempting to raise a new restoration claim, she may file a new appeal with the Board, consistent with applicable regulations.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.