**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TWANITA L. SIMPSON, | DOCKET NUMBER |
| Appellant, | DC-0432-21-0150-I-1 |
| v. | |
| SMITHSONIAN INSTITUTION, | DATE: August 26, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Twanita L. Simpson</u>, Upper Marlboro, Maryland, pro se.

<u>Mia Haessly</u> and <u>Katherine Bartell</u>, Washington, D.C.,
    for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal pursuant to a negotiated settlement agreement. For the reasons set forth below, the appellant's petition for review is DISMISSED as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

untimely filed by 21 months without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2 Effective November 21, 2020, the agency removed the appellant from Federal service for unacceptable performance pursuant to 5 U.S.C. chapter 43. Initial Appeal File (IAF), Tab 1 at 13, Tab 6 at 58. The appellant filed a Board appeal challenging her removal. IAF, Tab 1. During the pendency of the appeal before the administrative judge, the parties reached a negotiated settlement agreement, which the agency entered into the record on August 16, 2021. IAF, Tab 24. The administrative judge found that the appeal was within the Board's jurisdiction and that the settlement agreement was lawful on its face, the parties understood its terms, and they freely and voluntarily entered into it. IAF, Tab 25, Initial Decision (ID) at 1. Accordingly, he dismissed the appeal as settled. ID at 1-2. The initial decision became final on September 24, 2021, when neither party filed a petition for review. ID at 2.

¶3 On June 30, 2023, the appellant filed a pleading entitled "Request to Vacate Initial Decision per Settlement Agreement." Petition for Review (PFR) File, Tab 1 at 1. Therein, she asserts that the agency has not expunged her personnel file or given her a clean record. *Id.* The Office of the Clerk of the Board (Clerk) contacted the appellant by email to confirm the intent of her pleading. PFR File, Tab 2. According to an acknowledgment letter issued by the Clerk, the appellant confirmed via email on July 6, 2023, that she intended her filing to be processed as a petition for review of the initial decision. *Id.* at 1. The appellant was notified that her petition for review appeared to be untimely and was given an opportunity to establish good cause for her delayed filing. *Id.* at 2, 7-8. The appellant then filed a motion to accept her filing as timely or to waive the time limit. PFR File, Tabs 4-5. The agency has filed a response in opposition to the

appellant's petition for review and the appellant has filed a reply. PFR File, Tabs 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4     To be timely, a petition for review must normally be filed within 35 days of the date of issuance of the initial decision unless good cause is shown for the delay in filing. 5 C.F.R. § 1201.114(e), (g). The initial decision in this case was issued on August 20, 2021, with a finality date of September 24, 2021. ID at 2. Thus, the appellant's petition for review, filed on June 30, 2023, was untimely filed by more than 21 months.

¶5     To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In this case, the appellant appears to assert that she has established good cause for her untimely filing because she has new and material evidence establishing that the settlement agreement was invalid due to fraud or mutual mistake. PFR File, Tab 1 at 9, Tab 4 at 2; *see Parkin v. Department of Justice*, 91 M.S.P.R. 411, ¶ 6 (2002), *aff'd*, 55 F. App'x 559 (Fed. Cir. 2003) (stating that an appellant may establish good cause for an untimely petition for review if she has new and material evidence establishing that the settlement agreement was invalid).

¶6     In relevant part, the settlement agreement, which appears to have been fully executed by the parties on August 16, 2021, provided the following:

> Within 365 days of execution of this Agreement, the Smithsonian will: (1) expunge Appellant's SF-50 Removal, from her electronic Official Personnel Folder ("eOPF") and enter an SF-50 reflecting a voluntary separation for personal reasons effective November 21, 2020; (2) expunge the Performance Improvement Plan ("PIP") dated July 28, 2020 and any related documents referencing the PIP from her eOPF[;] and (3) expunge Appellant's 2018, 2019 and 2020 performance appraisals from her eOPF, if all of the following conditions are met:

> a. The Office of Personnel Management ("OPM") amends 5 CFR § 752.407 and 5 CFR § 432.108 to permit the alteration of official personnel records pursuant to settlement agreements that have already been executed;
>
> b. This Agreement is executed within the time frame permitted by OPM to allow an expungement under an amendment to 5 CFR § 752.407 and 5 CFR § 432.108; and
>
> c. No other prohibition exists preventing the Smithsonian from taking this action.
>
> If the foregoing conditions are not met within 365 days of execution of the Agreement, the removal and other aforementioned items will remain in Appellant's eOPF.
>
> IAF, Tab 24 at 2, 4.

¶7      The parties appear to agree that, effective December 12, 2022, approximately 16 months after the settlement agreement was signed, OPM issued a final rule amending 5 C.F.R. § 432.108. PFR File, Tab 4 at 2, Tab 6 at 6. The appellant asserts that, in or around November 2022, she learned that the agency would not expunge her personnel file and give her a clean record because OPM had not amended the relevant rules or regulations within 1 year of the execution of the settlement agreement. PFR File, Tab 1 at 9, Tab 7 at 11.

¶8      Based on the terms of the agreement, the appellant could have, or should have, known as early as August 2022 that the agency had not expunged her personnel file or given her a clean record. IAF, Tab 24 at 2, 4. However, even if we were to find that the appellant received new and material information in November 2022, when the agency appears to have rejected her request to expunge her personnel file and give her a clean record, PFR File, Tab 7 at 11, she has not explained why she waited an additional 7 months to file a petition for review. Accordingly, we find that the appellant has failed to establish good cause for her untimely petition for review. *See Parkin*, 91 M.S.P.R. 411, ¶ 7 (finding that the appellant failed to establish good cause for his untimely petition for review of an initial decision dismissing his appeal as settled when he waited approximately 8 months to file his petition for review after allegedly obtaining new information

that the settlement agreement was invalid due to mutual mistake); *Graves v. Department of Veterans Affairs*, 82 M.S.P.R. 38, ¶ 12 (1999) (finding that the appellant failed to establish good cause for his untimely petition for review of an initial decision dismissing his appeal as settled when he waited more than 1 month to file his petition for review after purportedly discovering new evidence regarding his claim of fraud). We therefore dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the appeal as settled.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.